UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cameron Peirce,                                     Civil No. 22-2664 (DWF/DJF)

          Plaintiff,

v.                                                  MEMORANDUM
                                                    OPINION AND ORDER
Clayton Aswegan, *an Elk River Police
Officer, sued in his individual and official
capacities*,

          Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Clayton Aswegan's motion to dismiss on the pleadings.  (Doc. No. 8.)  Plaintiff Cameron Peirce opposes the motion.  (Doc. No. 17.)  For the reasons set forth below, the Court grants Aswegan's motion.

## BACKGROUND

In February 2020, Officer Aswegan pulled over a vehicle that was speeding. (Doc. No. 1 ("Compl.") ¶¶ 3-4.)  Peirce was a passenger in the vehicle.  (*Id.* ¶ 5.) Because Peirce had a warrant out for his arrest, Aswegan took Peirce into custody and searched the vehicle.  (*Id.* ¶¶ 6-7.)  During the search, Aswegan found a bag containing drugs under the passenger seat, which Aswegan believed belonged to Peirce.  (*Id.* ¶¶ 7-9.) Aswegan read Peirce his *Miranda* rights, and Peirce invoked the right to remain silent and requested an attorney.  (*Id.* ¶ 10.)  Peirce alleges that Aswegan then "turned off his body camera and had a coercive conversation with [Peirce] to try and get [him] to admit

ownership over the plastic baggie." (*Id.* ¶ 11.) At the jail, Aswegan recorded an interrogation with Peirce, where Peirce made incriminatory statements. (*Id.* ¶¶ 13-15.)

Peirce was charged with one count of second-degree possession of a controlled substance and one count of giving a peace officer a false name. (Complaint at 1, *State v. Peirce*, No. 71-cr-20-1382 (Minn. Dist. Ct. Dec. 1, 2020).) The statement of probable cause within the complaint did not include any reference to Peirce's incriminatory statements. (*See id.* at 2.) Eight months later, the State amended the complaint to include one count of second-degree aiding and abetting the possession of a controlled substance. (Amended Complaint at 1, *State v. Peirce*, No. 71-cr-20-1382 (Minn. Dist. Ct. Aug. 31, 2021).) This time, the statement of probable cause noted that Peirce "stated the driver had given him the baggie to hide in the vehicle." (*Id.* at 3.)

Peirce filed a motion to suppress the recorded statements that he made to Aswegan, arguing that Aswegan violated his constitutional rights because Aswegan continued to question him after he invoked his right to remain silent and requested an attorney. (Compl. ¶¶ 19-20.) The State agreed and the statements were suppressed. (*Id.* ¶ 22; Doc. No. 12-4 at 3.) Peirce later pled guilty to third-degree possession of a controlled substance. (Doc. No. 12-1, Criminal Judgment and Sentencing Order.)

Peirce brought this action against Aswegan, in his individual and official capacities, under 42 U.S.C. § 1983, asserting that Aswegan violated Peirce's Fifth Amendment right against self-incrimination because the statements he made during a compelled interrogation were used in the amended complaint. Aswegan now asks the Court to enter judgment on the pleadings.

## DISCUSSION

The Court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Federal Rule of Civil Procedure 12(b)(6). *Ashley Cnty., Ark. V. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. Of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a

3

reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

I.  **Self-Incrimination Claim**

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Two requirements must be met for a person to bring a self-incrimination claim under 42 U.S.C. § 1983. First, the incriminatory statement must have been "compelled." And second, the statement must have been used in a "criminal case." Aswegan argues that neither requirement is met and thus Peirce's claim should be dismissed. The Court agrees.

The Fifth Amendment specifically protects against compelled, or involuntary, statements. *United States v. Bordeaux*, 400 F.3d 548, 560 (8th Cir. 2005). "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." *United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir. 2004) (quoting *Simmons v. Bowersox*, 235 F.3d 1124, 1132 (8th Cir. 2001)). The Court considers the totality of the circumstances when determining whether a confession was involuntary. *Id.*

Statements obtained in violation of the *Miranda* rules, however, "are not 'compelled,' and the use of such statements in a criminal case does not amount to compelled self-incrimination." *Hannon v. Sanner*, 441 F.3d 635, 637 (8th Cir. 2006). The *Miranda* rules were created "to safeguard the core constitutional right protected by the Self-Incrimination Clause." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003). But these preventative rules "do not extend the scope of the constitutional right itself, just as

4

violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person." *Id.* at 772.  Thus, to maintain an action under § 1983, Peirce must prove more than a *Miranda* violation.  Instead, Peirce must demonstrate that his confession was involuntary, meaning "physical or psychological methods" were used "to overbear his will." *Wilson v. Lawrence Cnty.*, 260 F.3d 946, 952 (8th Cir. 2001).

Peirce clearly alleges a violation of his *Miranda* rights—he alleges that Aswegan continued to question him after he asserted his right to remain silent and requested counsel.  (Compl. ¶¶ 10-11, 13-15.)  Peirce further argues that Aswegan "turned off his body camera and had a coercive conversation with [Peirce]" before bringing Peirce to the jail.  (*Id.* ¶ 11.)  Once Peirce arrived at the jail, he then made incriminatory statements as a result of Aswegan's "coercive pressure." (*Id.* ¶ 15.)  These assertions about a "coercive conversation" and "coercive pressure," however, are merely conclusory.  Peirce has failed to allege what Aswegan said or did during the interrogation, or prior to the investigation, to overbear Peirce's will.  The mere fact that Aswegan continued to question Peirce after Peirce asserted his *Miranda* rights, while a violation of *Miranda*, is not evidence of compulsion.  *See Hannon*, 441 F.3d at 636-37.  Nor is it enough to merely conclude that the interrogation was "coercive."

Additionally, Peirce has failed to demonstrate that his confession was used in a criminal case.  The United States Supreme Court has not decided when a criminal case commences but has indicated that a criminal case "at the very least requires the initiation of legal proceedings." *Chavez*, 538 U.S. at 766.  The Second, Seventh, Ninth, and Tenth Circuits have held that statements used during pretrial proceedings are sufficient to

5

satisfy the "criminal case" requirement. *See Higazy v. Templeton*, 505 F.3d 161, 173 (2d Cir. 2007); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1026-27 (7th Cir. 2006); *Stoot v. City of Everett*, 582 F.3d 910, 925 (9th Cir. 2009); *Vogt v. City of Hays*, 844 F.3d 1235, 1246 (10th Cir. 2017). But the Third, Fourth, and Fifth Circuits require that the statements be used at trial. *See Renda v. King*, 347 F.3d 550, 559 (3d Cir. 2003); *Burrell v. Virginia*, 395 F.3d 508, 513-14 (4th Cir. 2005); *Murray v. Earle*, 405 F.3d 278, 285 (5th Cir. 2005).

"[T]he Eighth Circuit has not discussed this distinction in detail, [but] it has provided a strong indication that it would require the statements to have actually been used in a criminal trial in order to support a § 1983 claim." *Dowell v. Lincoln Cnty.*, 927 F. Supp. 2d 741, 749 (E.D. Mo. 2013), *aff'd*, 762 F.3d 770 (8th Cir. 2014). For example, in *Winslow v. Smith*, 696 F.3d 716, 721 (8th Cir. 2012), four plaintiffs brought claims under § 1983, alleging that their Fifth and Fourteenth Amendment rights had been violated during their interrogations by police. The Court held that their Fifth Amendment claims failed "because [the] [p]laintiffs did not proceed to a criminal trial." *Id.* at 731 n.4. The Eighth Circuit did not address this issue in detail, but the case provides strong evidence of the Court's position. Moreover, in *Maddox v. Davis*, 164 Fed App'x 559, 560 (8th Cir. 2005), the Eighth Circuit concluded that the plaintiff's Fifth Amendment claim failed because the "statements he made during the conversation had [not] been used against him in a criminal trial." While the case is unpublished, it is again indicative of the Eighth Circuit's position on this issue.

In earlier cases, the Eighth Circuit has reiterated its position. *See Davis v. City of Charleston*, 827 F.2d 317, 322 (8th Cir. 1987) (concluding that the plaintiff did not have an actionable claim because her statements "were [not] used against her during trial"); *Harris v. St. Louis Police Dep't*, 164 F.3d 1085, 1086 (8th Cir. 1998) ("Mack's failure to read Harris his constitutional rights is not actionable because Harris did not allege that he was tried for a crime.").

Relying on this case law, district courts in this circuit have concluded that compelled statements must have been used in a trial for a person to have an actionable Fifth Amendment claim under § 1983. *See Dowell*, 927 F. Supp. 2d at 751 (concluding that the plaintiff could not claim a constitutional violation because the statements were not introduced against him at trial); *Suber v. Lemons*, No. 15-cv-1363, 2018 WL 1410711, at *4 (E.D. Mo. Mar. 21, 2018), *aff'd*, No. 18-1972, 2018 WL 11220768 (8th Cir. Nov. 26, 2018) ("[T]he Eighth Circuit has indicated that illegally obtained statements would need to be used at trial to trigger damages in a § 1983 action."); *Sander v. City of Dickinson*, No. 15-cv-72, 2018 WL 10344399, at *2 (D.N.D. Feb. 5, 2018), *aff'd*, 773 F. App'x 331 (8th Cir. 2019) ("Sander's claim under Section 1983 relating to his Fifth Amendment right not to incriminate himself fails as a matter of law because Sander did not proceed to a criminal trial."); *Wisham v. Bertsch*, No. 17-cv-263, 2018 WL 6004662, at *8 (D.N.D. Nov. 15, 2018) ("Because there was no trial at which Wisham's statements were admitted as testimony against him, he was never made to be a 'witness' against himself in violation of his Fifth Amendment rights."); *Hancock v. Chancellor*, No. 17-cv-5018, 2017 WL 1735168, at *2 (W.D. Ark. May 3, 2017)

(concluding that no constitutional claim was stated because the plaintiff "[did] not allege[] that any statements he made as a result of the questioning were used against him at trial"); *Sorenson v. Minn. Dep't of Hum. Servs.*, No. 14-cv-4193, 2015 WL 251720, at *17 n.2 (D. Minn. Jan. 20, 2015) (holding that the plaintiff's Fifth Amendment claim failed because the compelled statements "were [not] used against him at a criminal trial"); *McGee v Feneis*, No. 07-cv-4868, 2009 WL 2928245, at *8 n.5 (D. Minn. Sept. 8, 2009) (same).

While Peirce argues that "it is not evident the Eighth Circuit thoroughly considered" the Fifth Amendment issue in *Winslow* (Doc. No. 17 at 15), *Winslow* is not the only case that contradicts Peirce's argument. Rather, the overwhelming weight of authority in this circuit supports the conclusion that only the use of compelled statements during trial violates the Fifth Amendment's Self-Incrimination Clause. The Court finds no reason to depart from these cases. And Peirce cites no case where a district court in this circuit has come out differently.

Because Peirce has failed to plead facts sufficient to demonstrate a Fifth Amendment violation, his claim fails as a matter of law and should be dismissed.

**II.     *Heck* Doctrine**

Even if Peirce had met the above requirements, his claim would be barred by the *Heck* doctrine. The United States Supreme Court has held that "in order to recover damages for . . . actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

8

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Peirce alleges in his complaint that "[h]ad Defendant Aswegan not coerced Plaintiff into making a self-incriminating statement, it is unlikely that Plaintiff would have been criminally charged in [Minnesota]." (Compl. ¶ 37.) He further alleges that "Sherburne County Attorney's Office decided to prosecute Plaintiff . . . solely because of the self-incriminating statement extracted from Plaintiff by Defendant Aswegan" and "[h]ad Plaintiff made no incriminating statement, it is more likely than not that the driver and owner of the car would have been charged instead of Plaintiff." (*Id.* ¶¶ 38-39.)

Peirce attempts to walk back these allegations by noting that he does not dispute that he was in constructive possession of controlled substances and does not contend that his incriminating statements were the "only evidence capable of supporting his conviction." (Doc. No. 17 at 17.) While that is true, it does not change the fact that Peirce clearly alleges that he would not have been prosecuted had he not made an incriminating statement. Peirce is directly challenging his prosecution, which brings into question his conviction.[1] *See Nelson v. Greiner*, No. 13-cv-279, 2014 WL 5704004, at *8 (D. Minn. Nov. 5, 2014) ("By challenging the validity of the investigation, . . . [the plaintiff] necessarily challenge[s] the validity of the basis for prosecuting [the] [p]laintiff

---

[1] Peirce could have brought this claim without challenging his conviction. Both the complaint and amended complaint contained evidence beyond Peirce's incriminating statements. Peirce, however, alleges that despite the additional evidence, he would not have been prosecuted without these incriminating statements. Because Peirce challenges his prosecution, he also challenges his conviction.

9

and the resulting conviction."). Because Peirce has brought his conviction into question, and his conviction has not been reversed or expunged, Peirce's claim is barred by the *Heck* doctrine.

Peirce has failed to adequately plead a Fifth Amendment constitutional violation, and his allegations bring into question his conviction, and therefore Peirce's claim against Aswegan should be dismissed.[2] Moreover, the dismissal is with prejudice, as amendment would be futile. *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (reasoning that a district court may dismiss an action with prejudice when amendment would be futile). Peirce's confession was not used at trial and is therefore not actionable under § 1983. Additionally, Peirce's claim is barred by the *Heck* doctrine, and he cannot amend the complaint to allege facts that "contradict the allegations in the original complaint." *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 794 (D. Minn. 2019). The Court therefore dismisses Peirce's claim with prejudice.

### III. Official-Capacity Claim

Peirce also sues Aswegan in his official capacity.[3] (Compl. at caption.) Official-capacity claims "generally represent only another way of pleading an action against an

---

[2] Aswegan further argues that he is entitled to qualified immunity. Because the Court grants Aswegan's motion to dismiss for other reasons, the Court need not address this issue.

[3] While Peirce argues that he has not brought an official-capacity claim, the caption of his complaint refers to "Defendants" and states that Aswegan is sued "in his individual and official capacities." (Compl. at caption.) Moreover, the City of Elk River is listed in the complaint under "Parties." (*Id.* ¶ 27.)

entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978). Thus, the claim against Aswegan in his official capacity is brought against his employer, the City of Elk River. "In order to state a claim for municipal liability under § 1983, a plaintiff must plead facts demonstrating that the defendant[] violated a constitutional right either 'pursuant to official municipal policy' or as part of 'a custom or usage with the force of law.'" *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (citation omitted). Because Peirce has failed to allege a constitutional violation, his claim against the City of Elk River also fails. And for the reasons addressed above, amendment would be futile. Thus, Peirce's official-capacity claim is dismissed with prejudice.

## CONCLUSION

For the reasons outlined above, Peirce's claims against Aswegan, in his individual and official capacity capacities, are dismissed with prejudice.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss on the pleadings (Doc. No. [8]) is **GRANTED**.

2. Plaintiff's claims against Defendant (Doc. No. [1]) are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 11, 2023               s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge